IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-00225-JD |
| | ) |
| MAURICE LEE WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant Maurice Lee Williams's Motion for 18 U.S.C. § 3583(e)(2) Supervised Release Modification ("Motion") [Doc. No. 55]. Mr. Williams seeks to modify his three-year term of supervised release to one year. Motion at 3. The United States has filed a response in opposition ("Response") [Doc. No. 57]. For the reasons stated below, the Court dismisses the Motion because Mr. Williams is not eligible for a modification of his term of supervised release under either 18 U.S.C. § 3582(c) or § 3583(e).

## I.    BACKGROUND

On March 1, 2022, Mr. Williams entered a plea of guilty to a one-count Superseding Information charging him with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). [Doc. Nos. 30, 33–38]. Under the Plea Agreement, Mr. Williams agreed to "waive[] the right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) [his] conviction or sentence,

including any restitution, except with respect to claims of ineffective assistance of counsel." [Doc. No. 35 ¶ 15c].

On September 20, 2023, the Court sentenced Mr. Williams to a term of imprisonment of 40 months, followed by three years of supervised release. Judgment at 2–3 [Doc. No. 52 at 2–3]. The 40-month term of imprisonment imposed by the Court was a downward variance from the advisory guideline range of 57 months to 71 months. [Doc. No. 54 at 1, 3]. The three-year term of supervised release imposed was within the advisory guideline range of 1 year to 3 years for a Class C Felony under the applicable 2021 guidelines. *See* USSG § 5D1.2(a)(2) (Nov. 2021); *see also* [Doc. No. 43 ¶¶ 26, 93].

On September 5, 2025, Mr. Williams was released from the Federal Bureau of Prisons' custody and began serving his three-year term of supervised release that same day. Mr. Williams now asks the Court to modify his three-year term of supervised release to one year. Motion at 3. He asserts that the three-year term of supervised release "is a deprivation of liberty and is consider[ed] to be unreasonable in light of fundamentals of liberty." *Id.* at 2. Additionally, he asserts that a one-year term of supervised release is sufficient to "support the goals of re-entry of, [Mr.] Williams, back into his community." *Id.* Finally, Mr. Williams contends that his risk of "recidivism is very low" because he will "be 66 years old and infirm to resume a life of crime." *Id.*

In response, the United States asserts that Mr. Williams waived the right to modify his sentence as part of his Plea Agreement. Response at 4–6 (citing Plea Agreement [Doc. No. 35 ¶ 15c]). Additionally, the United States contends that Mr. Williams does not have a statutory ground to modify his sentence because he does not qualify for a modification

2

under § 3582(c), and § 3583(e)(1) only allows for early termination of supervised release after the expiration of one year of supervised release. Response at 6–8; *see also* 18 U.S.C. §§ 3582(c), 3583(e)(1). Thus, the United States asks the Court to deny the Motion as premature and unauthorized by statute. Response at 8.

## II.   DISCUSSION

Congress has authorized courts to modify criminal sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so"). Under § 3582(c), a court "may not modify a term of imprisonment once it has been imposed" except in three limited circumstances: (1) compassionate release, 18 U.S.C. § 3582(c)(1)(A); (2) if "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," *id.* § 3582(c)(1)(B); and (3) retroactive guideline amendments, *id.* § 3582(c)(2). Absent one of these statutory authorizations, a court lacks jurisdiction to alter a previously imposed sentence. *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

Mr. Williams's Motion does not fall within any of these statutory categories. He does not identify extraordinary and compelling reasons warranting compassionate release, does not rely on a retroactive guideline amendment, and does not point to any statute or rule authorizing a modification of his sentence.

A district court, after considering certain factors in 18 U.S.C. § 3553(a), has discretionary authority to terminate a term of supervised release and discharge the defendant "at any time *after the expiration of one year of supervised release* . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (emphasis added); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (explaining that the decision to grant a motion to terminate a term of supervised release is a matter of district court discretion under § 3583(e)(1)). Where, as here, a defendant challenges a term of supervised release before the expiration of one year of supervised release, a district court may deny the request as premature. *See, e.g.*, *United States v. Brennan*, 766 F. App'x 911, 912–13 (11th Cir. 2019) (unpublished) (explaining that the district court was required to deny the motion as premature where the defendant had not been under supervised release for at least one year); *United States v. Nestor*, 461 F. App'x 177, 179 (3d Cir. 2012) (unpublished) (concluding that the district court did not err in denying request where the defendant filed motion before the one-year expiration).[1]

Accordingly, the Court lacks jurisdiction to modify Mr. Williams's sentence and dismisses the Motion as premature.[2] *See United States v. White*, 765 F.3d 1240, 1250

---

[1] To the extent Mr. Williams challenges the legality of the term of his supervised release based on information available to him at the time of sentencing, he may not use § 3582(e)(2) as a substitute for direct appeal or § 2255 habeas relief. *See, e.g.*, *United States v. Thomas*, No. 22-1149, 2023 WL 1872585, at *4 (10th Cir. Feb. 10, 2023) (unpublished).

[2] The Court need not decide whether Mr. Williams waived his right in the Plea Agreement to file a motion for early termination of supervised release because the

(10th Cir. 2014) (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition").

### III.    CONCLUSION

Accordingly, Defendant Maurice Lee Williams's Motion [Doc. No. 55] is DISMISSED.

IT IS SO ORDERED this 16th day of January 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

Motion is premature and the Court lacks jurisdiction to consider it. *Cf. United States v. Hartley*, 34 F.4th 919, 927 (10th Cir. 2022) (explaining that where the waiver paragraph in the plea agreement does not explicitly refer to motions for early termination of probation, a defendant did not knowingly and voluntarily waive his right to appeal the district court's denial of his motion for early termination of probation).